UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN SWANSON,

       Petitioner,                           Hon. Paul L. Maloney

v.                                              Case No. 1:07-CV-292

THOMAS DeSANTIS,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss. (Dkt. #9). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Respondent's motion be **granted in part and denied in part**.

## BACKGROUND

Following a jury trial, Petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor causing death and failure to stop at the scene of a serious personal injury accident. Petitioner received concurrent sentences of 54 to 180 months and 36 to 60 months. Petitioner appealed her conviction to the Michigan Court of Appeals asserting the following claims:

      I.      The trial court erroneously instructed the jury that they could convict the defendant of operating with an unlawful blood alcohol level causing death where

        there was no chemical test available.

II.    The trial court's instructions on causation violated defendant's right to due process of law by failing to instruct on an element of the unlawful blood alcohol theory of liability under Count I.

III.    The trial court also failed to instruct the jury that it could consider the negligent conduct of the deceased in deciding whether defendant's consumption of alcohol before driving was a substantial cause of the pedestrian's death, thus depriving defendant of an instruction on one of her theories of defense.

IV.    The trial court erred in failing to grant defendant's request for a jury instruction outlining how the deceased victim's violation of the traffic code negated a finding that the defendant's intoxication was the substantial cause of the victim's death.

V.    The jury verdict in this case was deficient in that the jurors indicated agreement to a charge that was not a crime and evidenced a failure to agree on the essential elements of the offense charged in Count I.

VI.    The trial judge erred in assessing the defendant 10 points for interfering with the administration of justice under OV19 of the sentencing guidelines.

VII.    The trial court erred in denying defendant's motion for directed verdict as to Count I.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Swanson*, No. 252906, Opinion (Mich. Ct. App., June 21, 2005). Asserting the following claims, Petitioner then moved in the Michigan Supreme Court for leave to appeal:

I.    The trial court erroneously instructed the jury that they could convict the defendant of operating with an unlawful blood alcohol level causing death where there was no chemical test available.

    II.     The trial court's instructions on causation violated defendant's right to due process of law because they did not correctly describe a key disputed element of the offense and failed to instruct on a viable defense as to Count I.

    III.    The trial judge erred in assessing the defendant 10 points for interfering with the administration of justice under OV19 of the sentencing guidelines.

    IV.    The trial court's use of judicial fact-finding in the context of the statutorily mandated sentencing guidelines violated the defendant's right to a jury determination of facts necessary for the imposition of her sentence as required by Blakely v. Washington.

    V.     Since defendant's sentence for failing to stop at the scene of an accident resulting in serious impairment or death was not determined based on the statutorily mandated sentencing guidelines, a remand for re-sentencing is required.

    VI.    On re-sentencing, the trial judge should be required to score the guidelines in a manner that is consistent with the Blakely decision.

The court denied Petitioner's request for leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Swanson*, No. 129300, Order (Mich., Mar. 22, 2006).

On March 21, 2007, Petitioner submitted the present petition for writ of habeas corpus in which she asserts the following claims:

    I.     Trial court's instructions on causation violated Petitioner's right to due process of law by failing to instruct on an essential element of the unlawful blood alcohol theory of liability under Count I and failing to instruct on a viable substantive defense.

          A.     Petitioner had a Fifth Amendment

       right to have the jury instructed on all of the elements of the charged offense.

1. The trial court's instruction allowing the jury to consider three different theories of liability failed to tell the jury that they must find Petitioner's driving with an unlawful blood alcohol was the proximate cause of the decedent's death.

2. The jury instruction relating to the impact of the decedent's negligent conduct on the causation element did not comport with a change in the law retroactively applied by the Michigan Supreme Court.

II. The trial court's use of judicial fact-finding in the context of the statutorily mandated sentencing guidelines violated the defendant's right to a jury determination of facts necessary for the imposition of her sentence as required by Blakely v. Washington.

Respondent now moves to dismiss Swanson's petition on the ground that it contains a claim that has not been properly exhausted in the state courts. Specifically, Respondent asserts that Petitioner's second jury instruction claim (identified as I(A)(2) immediately above) was not properly exhausted in the state courts. As discussed below, the Court agrees that this claim has not been properly exhausted. However, the Court does not agree that this conclusion mandates the dismissal of Swanson's petition.

    Federal law provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that. . .the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §

2254(b)(1)(A). The purpose of the exhaustion requirement is to give the state courts the first opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the requisite opportunity, the petitioner must "fairly present" the substance of her claim "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

While exhaustion requires that the petitioner present her claims to the state's highest court, presenting her claims to *only* the state's highest court may not suffice. The Michigan Supreme Court conducts discretionary review of appeals by application for leave to appeal. In *Castille v. Peoples*, 489 U.S. 346 (1989), the United States Supreme Court held that presentation of an issue for the first time on discretionary review to the state's highest court does not satisfy the "fair presentation" requirement where the court declines to exercise its discretion to review the matter. *Id.* at 351. Applying *Castille*, the Sixth Circuit has likewise determined that the exhaustion requirement is not satisfied where a petitioner first presents a claim on discretionary appeal to the state's highest court, unless that court opts to review the merits of the claim. *See*, *e.g.*, *Clinkscale v. Carter*, 375 F.3d 430, 440 (6th Cir. 2004); *Granger v. Hurt*, 215 Fed. Appx. 485, 491 (6th Cir., Feb. 8, 2007); *Hall v. Huffman*, 2000 WL 1562821 at *3 (6th Cir., Oct. 11, 2000).

The fair presentation requirement is not satisfied where the petitioner simply makes in the State court "a general appeal to a constitutional guarantee as broad as due process" or only identifies "the facts necessary to state a claim for relief." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). Instead, the petitioner "must include reference to a specific federal constitutional guarantee,

5

as well as a statement of the facts that entitle the petitioner to relief." *Gray*, 518 U.S. at 162-63. The petitioner "must present his claim to the state courts as a federal constitutional issue - not merely as an issue arising under state law." *Collins v. Wells*, 1994 WL 64702 at *3 (6th Cir., Mar. 1, 1994) (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)).  However, the petitioner is not required to "recite a specific sequence of words to fulfill the exhaustion requirement, nor is there some sort of threshold requirement whereby Petitioner must dedicate a certain number of words to analysis of federal law", as simply "[l]abeling a claim as a federal claim is sufficient." *Daniels v. Lafler*, 192 Fed. Appx. 408, 418 (6th Cir., Aug. 4, 2006) (citing *Baldwin*, 541 U.S. at 32).

In her petition for writ of habeas corpus, Swanson asserts that the trial court's jury instructions violated her federal due process right to have the jury properly instructed as to every element of the offenses with which she was charged.  Petitioner challenged the jury instructions in the Michigan Court of Appeals on direct appeal.  In doing so, however, she failed to alert that court to the alleged federal nature of her claim.  In her appellate brief, this particular claim was captioned:

> III.   The trial court also failed to instruct the jury that it could consider the negligent conduct of the deceased in deciding whether defendant's consumption of alcohol before driving was a substantial cause of the pedestrian's death, thus depriving defendant of an instruction on one of her theories of defense.

There is nothing in this statement that can reasonably be said to have put the court on notice that Petitioner was asserting a federal constitutional claim.  In the portion of her brief in which she argues this claim, Petitioner made no mention of federal law, the United States Constitution, or even the concept of "due process."  Petitioner cited to no federal authority nor did she cite to any state authority that can reasonably be said to have put the court on notice that

Petitioner was asserting that the trial court's jury instructions violated her federal due process right to have the jury properly instructed as to every element of the offenses with which she was charged. In sum, Petitioner presented this claim to the Michigan Court of Appeals as a state law claim only.

Petitioner corrected this oversight when she subsequently moved in the Michigan Supreme Court for leave to appeal. Before the Michigan Supreme Court, Petitioner clearly invoked the United States Constitution and her right to due process thereunder. However, because the Michigan Supreme Court denied Petitioner's application for leave to appeal, Petitioner's belated presentation of this claim as a federal claim is not sufficient to satisfy the exhaustion requirement mandated by federal law. Accordingly, the Court concludes that Petitioner has failed to properly exhaust her claim (identified as I(A)(2) in her petition) that the trial court's jury instructions violated her federal due process rights.

While the Court finds that Petitioner has failed to properly exhaust the claim in question, the Court does not agree with Respondent that this shortcoming necessitates the dismissal of Swanson's petition. As Respondent correctly observes, the Court must generally dismiss a habeas petition containing both exhausted and unexhausted claims. However, because the habeas statute of limitations has already expired, to simply dismiss Swanson's petition at this juncture would preclude her from later seeking habeas relief as to any claim - properly exhausted or not. Such a result is unfair. Instead, the undersigned recommends that within 60 days Petitioner either (a) move the Court to amend her habeas petition to assert only such claims as have been properly exhausted in the State courts, or (b) move the Court to stay this matter so that Petitioner may return to State

court to properly exhaust any unexhausted claim that she seeks to pursue in this Court.[1]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Respondent's Motion to Dismiss, (dkt. #9), be **granted in part and denied in part** as detailed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date:  September 9, 2008               /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge

---

[1]  While not asserted by Respondent, the Court notes that Petitioner's *Blakely* claim (asserted in her present petition for writ of habeas corpus) also does not appear to have been properly exhausted in the State courts.  Petitioner did not present this issue to the Michigan Court of Appeals, but instead raised it for the first time in the Michigan Supreme Court.