UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN B. SWANSON #474138, | Case No. 1:07-cv-292 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Joseph G. Scoville |
| THOMAS DESANTIS, | |
| Respondent. | |

**OPINION and ORDER**

**Denying the Respondent's Motion for Reconsideration**

Susan Brush Swanson, Michigan Department of Corrections ("MDOC") Inmate #474138, filed a petition for a writ of habeas corpus and supporting briefs, and the respondent filed a motion to dismiss the complaint without prejudice for failure to exhaust state-court remedies. This court denied the respondent's motion to dismiss, holding that "Swanson has exhausted all but one of her claims for habeas relief, but that under the circumstances, the unexhausted claim should be held in abeyance rather than dismissed." *Swanson v. DeSantis*, 2009 WL 80271, *1 (W.D. Mich. Jan. 9, 2009) (Maloney, C.J.). The respondent has filed a motion for partial reconsideration, asking this court not to hold the exhausted claims in abeyance.

The respondent's motion for reconsideration misapprehends the nature of the court's prior decision. The first paragraph of that decision, quoted above, clearly states that "*the unexhausted*

*claim* should be held in abeyance rather than dismissed." *Id.* at *1 (emphasis added). Likewise, the "order" section of the decision directs as follows:

> The petitioner **MAY PROCEED** on all the claims in her habeas petition except the *Schaefer* jury-instruction claim. *That claim alone* **SHALL be held in abeyance in this court** while Swanson raises it via a motion for relief from judgment in the Michigan state trial court.

*Id.* at *11 (boldface and capitalization in original, italics added). In other words, this court never held the properly-exhausted claims in abeyance in the first place.

Accordingly, the respondent fails to carry his burden of (1) demonstrating "a palpable defect by which the court and the parties have been misled"and (2) showing that correction of the defect necessarily leads to a different disposition of its motion to dismiss. *Westbrook v. O'Brien*, 2007 WL 4327377, *1 (W.D. Mich. Dec. 10, 2007) (Maloney, J.) (citing W.D. MICH. LCIVR 7.4(a)).

## ORDER

The respondent's motion for reconsideration [document #46] is **DENIED**.

The habeas petition remains referred to the Magistrate Judge, who is free to address the exhausted claims.

This is not a final and appealable order.

**IT IS SO ORDERED this 30th day of March 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge